## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES STALEY, and | ) | |
| CHERYL STALEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:12-cv-210 |
| | ) | |
| KOZENY & McCUBBIN, L.C., | ) | |
| AMERICA'S SERVICING COMPANY, and | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

In an end run around this Court's previous dismissal of their claims, Plaintiffs James and Cheryl Staley filed a state court action asserting the same claims dismissed by this Court. Because Plaintiffs' claims are barred by res judicata, Defendants America's Servicing Company ("ASC") and Deutsche Bank National Trust Company ("Deutsche") (collectively "Defendants"), move to dismiss all claims asserted against them in Plaintiffs' removed Petition.

## INTRODUCTION

On August 5, 2010, Plaintiffs filed a state court action ("Staley I") against Defendants alleging claims based on wrongful foreclosure, quiet title, and violations of the Fair Debt Collections Practices Act ("FDCPA"). A copy of the Staley I Petition is attached as Exhibit A. On September 10, 2010, Defendant Kozeny & McCubbin, L.C. ("Kozeny") removed the Staley I action to the Eastern District of Missouri, Eastern Division. Kozeny and Defendants filed motions to dismiss Plaintiffs' the Staley I Petition for failure to state a claim on October 29, 2010 and November 8, 2010 respectively. Copies of Kozeny's and Defendants' memorandums in support of motions to dismiss are attached as Exhibits B and C.

1

On September 12, 2011, after Plaintiffs failed to respond to the motions to dismiss for eleven months, Kozeny filed a motion to show cause as to why the motions to dismiss should not be granted. A copy of Kozeny's motion to show cause is attached as Exhibit D. On September 22, 2011, the Court granted Kozeny's motion to show cause and entered an Order requiring Plaintiffs to show cause no later than September 26, 2011. A copy of the Order is attached as Exhibit E. The Order also provided that failure to show cause would result in the dismissal of the Staley I action. See Docket Order, Exhibit E. On September 23, 2011, Defendants filed a motion to show cause as to why their motion to dismiss should not be granted. A copy of Defendants' motion to show case is attached as Exhibit F.

Plaintiffs did not file an opposition to Kozeny or Defendants' motions to show cause nor did Plaintiffs file a memorandum showing cause as required by the Court in its September 22, 2011 Order. Instead, on September 26, 2011, Plaintiffs untimely filed opposition briefs to Defendants and Kozeny's respective motions to dismiss without leave of court. On September 30, 2011, Defendants and Kozeny filed a joint motion to strike requesting the entry of an order striking the opposition briefs and dismissing the Staley I action for failure to comply with the Court's Order to Show Cause. A copy of the joint motion to strike is attached as Exhibit G.

On October 31, 2011, the Court entered an Order (the "Staley I Judgment") granting the joint motion to strike, which struck Plaintiffs' opposition briefs and dismissed the Staley I action for failure to show cause. A copy of the Staley I Judgment is attached as Exhibit H.

Plaintiffs now seek to avoid the Staley I Judgment dismissing their claims and reassert claims for wrongful foreclosure and quiet title[1] in a second action ("Staley II") that were previously

---

[1] The state court Petition served upon Defendants and Kozeny in this removed action is the same state court Petition filed in Staley I, which included the previously dismissed claims of wrongful foreclosure, quiet title and violation of the Fair Debt Collection Practices Act. A review of the state court file for this removed action indicates that the state court Petition served upon Defendants differs slightly from the one that was apparently filed in state court. As explained in this memorandum, the new Petition contains

dismissed in Staley I.  Such reassertion of the same claims ignores the Staley I Judgment issued by this Court and subjects Defendants to the relitigation of claims that have already been adjudicated by this Court.  Staley II[2] should be dismissed with prejudice because Plaintiffs' claims are barred by res judicata and, alternatively, fail to set forth any set of facts that would entitle them to recovery against the Defendants.

## ARGUMENT

### I.   Plaintiffs' Petition Should Be Dismissed with Prejudice Because Plaintiffs' Claims Are Barred By Res Judicata

Instead of appealing this Court's the Staley I Judgment dismissing their wrongful foreclosure and quiet title claims, Plaintiffs filed a new action reasserting those claims.  To determine whether a federal judgment precludes a plaintiff from recovery under a petition filed in state court, a court should apply the federal law of res judicata.  Bugg v. Rutter, 330 S.W.3d 148, 153 (Mo. Ct. App. 2010) (citing Brown v. Simmons, 270 S.W.3d 508, 512-13 (Mo. App. Ct. 2008) ("[To determine if [a plaintiff] is barred from filing [a] claim in state court, which was previously dismissed in federal court under Rule 41(b), we must look to federal law.")).  Res judicata applies to prevent repetitive suits involving the same cause of action.  Bugg v. Rutter, 330 S.W.3d at 153 (citing Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1042 (8th Cir. 2006)).  "The [res judicata] doctrine will bar a second suit if the prior judgment (1) was entered by a court of competent jurisdiction; (2) disposed of the same causes of action involved in the second suit; (3) involved the same parties (or those in privity with them) who are involved in the second suit; and (4) constituted a final judgment on the merits."  Bugg v. Rutter, 330 S.W.3d at 153 (citing Brown, 270 S.W.3d at

claims for wrongful foreclosure and quiet title based upon the same foreclosure that was addressed in the first petition.  The Staley II Petition omits another count that was asserted in the first.

[2] For the purposes of this motion, Defendants reference to the Staley II Petition shall mean the state court petition actually filed in the St. Charles County Circuit Court.  For the Court's convenience, a copy of the Staley II Petition filed in the St. Charles County Circuit Court is attached hereto as Exhibit I.

513 (applying federal law)).  Where a cause of action is dismissed for failure to respond to, or obey, a court order, such a dismissal operates as an adjudication on the merits unless the dismissal order specifically states otherwise.  FED R. CIV. P. 41(b); see also Pace v. Healthlink, Inc., Case No. 4:09CV709CDP, 2009 WL 4825201, (E.D. Mo. Dec. 11, 2009) (dismissal for failure to respond to a court order constitutes adjudication on the merits under Rule 41(b)); Burriss v. Fain, Case No. 05514CVWFJG, 2006 WL 1696539, (W.D. Mo Jun 13, 2009) (involuntary dismissal for failure to respond to rule to show cause order operates as an adjudication on the merits under Rule 41(b)); Resinos v. Ferguson, Case No. 11-5171,  2011 WL 7105314, (W.D. Ark. Dec. 7, 2011) (dismissal for failure to obey court order is a decision on the merits for res judicata purposes). If these elements are met, the second suit is barred from raising causes of action that were or could have been raised in the first suit.  Ripplin Shoals, 440 F.3d at 1042.

To determine whether res judicata bars a second suit, a court may consider allegations and rulings from the previously dismissed cause of action.  See Schoedinger v. United Healthcare of the Midwest, Inc., Case No. 4:07CV904SNLJ, 2011 WL 97735, at n. 1 (E.D. Mo. Jan. 12, 2011) (holding that a court may take judicial notice of other judicial opinions, and the earlier proceedings relevant to deciding the issue preclusion); see also Pace v. Healthlink, Inc., Case No. 4:09CV709CDP, 2009 WL 4825201, *3 (E.D. Mo. Dec. 11, 2009) (considering a plaintiff's allegations and prior rulings in a plaintiff's first suit to dismiss plaintiff's suit as barred by the res judicata).

The Staley II action is barred by the res judicata doctrine.  First, this Court had competent jurisdiction over Staley I.  The Staley I suit implicated federal question jurisdiction because it alleged a claim under the FDCPA.  See generally, Exhibit A.  This Court had supplemental jurisdiction over the wrongful foreclosure and quiet title claims asserted in Staley I because such claims were part of the same case in controversy given that the state law claims and the FDCPA claim shared a common

nucleus of operative facts (*i.e.*, the conduct and authority of Defendants with respect to the foreclosure on Plaintiffs' property).

Second, it is irrefutable that the same parties were involved in Staley I and the present action since the captions of both suits name the exact same parties.

Third, it is also irrefutable that this Court's dismissal of Staley I disposed of the same causes of action (wrongful foreclosure and quiet title) alleged in this action.  The same foreclosure is challenged in both suits and most of the allegations in this action are copied verbatim from the Staley I.  See generally, Exhibit A and Staley II Petition.  Plaintiffs' attempt to add new allegations in support of their wrongful foreclosure and quiet title claims does change this analysis because such allegations could have been brought in the first action.  For example, the removed Petition appears to allege that Defendants lacked authority to appoint a successor trustee because only the named Lender in a deed of trust may appoint a successor trustee.  See Removed Petition ¶¶ 18-19 and 33. These allegations are based upon the same transaction or occurrence (*i.e.*, the foreclosure) that was at issue in Staley I.  See Hargis v. U.S. Bancorp, Case No. 4:10CV00027JCH, 2010 WL 2978100 *4 (E.D. Mo. July 23, 2010) (stating that "Missouri courts apply res judicata to bar a claimant from splitting a cause of action when the action could have been brought in the first proceeding.")

Finally, this Court's dismissal of Staley I functioned as adjudication on the merits under Rule 41(b).  Rule 41(b) provides that

> "If a plaintiff fails to prosecute or **to comply with these rules or a court order**, a defendant may move to dismiss the action or any claim against. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and **any dismissal not under this rule** – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – **operates as an adjudication on the merits**."

Here, in Staley I, Plaintiffs' failed to respond to Defendants and Kozeny's motions to dismiss.  As a result, this Court issued docket order requiring Plaintiffs to show cause as to why the motions to

dismiss should not be granted.  See Docket Order, Exhibit E.  This docket order also warned Plaintiffs that failure to show cause would result in the dismissal of Staley I.  Id.  Despite this warning, Plaintiffs did not file a memorandum showing cause.  Instead, Plaintiffs filed opposition briefs to the motions to dismiss without leave of court.  Simply put, Plaintiffs failed to comply with this Court's rule to show cause order.  As a result, this Court granted Defendants and Kozeny's joint motion to strike Plaintiffs' opposition briefs and dismissed Plaintiffs' claims in Staley I.  See Joint Motion to Strike, Exhibit G; see also Staley I Judgment, Exhibit H.  Because the dismissal contained no language indicating that it was not an adjudication on the merits, Rule 41(b) provides that the dismissal constituted a final judgment on the merits.  As a result, Plaintiffs' claims are barred res judicata.

As shown above, Plaintiffs' removed Petition seeks to relitigate the same claims previously dismissed by this Court after Plaintiffs failed to object to motions to dismiss and comply with this Court's order to show cause.  Plaintiffs' attempt to avoid the Judgment dismissing their claims by filing the same claims in state court demonstrates bad faith and the exact type of behavior the res judicata doctrine is designed prevent.  Therefore, the Staley II Petition should be dismissed with prejudice.

## II.   Alternatively, Plaintiffs' Petition Should Be Dismissed For Failure to State A Claim Upon Which Relief May Be Granted.

A complaint must be dismissed pursuant to Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A complaint must include enough factual allegations to "raise a right to relief above a speculative level" and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009)( (citing Bell Atl. Corp, 550 U.S. at 570).  Hence, a complaint must contain facts

sufficient to state a claim as a matter of law and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp, 550 U.S. at 555.

In ruling on a motion to dismiss, all factual allegations are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007). However, this "tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by merely conclusory statements." Ashcroft, 129 S. Ct. at 1940. Likewise, "unsupported legal conclusions and/or naked assertions" are not accepted as true. Kulovic v. BAC Home Loans Serv., LP, Case No. 4:10CV2058CAS, 2011 WL 1483374, *7 (ED Mo. Apr. 19, 2011) (holding that plaintiffs' blanket assertions that defendant bank was not the holder of the note were "legal conclusions or naked assertions devoid of factual enhancement not properly accepted as true when considering [a] motion to dismiss") (citation omitted). Accordingly, a court may only assume the veracity of well-pleaded factual allegations to determine whether those allegations give rise to an entitlement of relief. Ashcroft, 129 S. Ct. at 1940-41.

A.    **Plaintiffs Cannot Sustain a Cause of Action for Damages Based on Wrongful Foreclosure**

Plaintiffs cannot support a cognizable action for damages against the Defendants based on wrongful foreclosure. Under Missouri law, when a plaintiff is seeking money damages in a wrongful foreclosure claim—as Plaintiffs are here—the plaintiff must allege that she was not default: "[A] tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee has no right to foreclose at the time foreclosure proceedings were commenced." Ice v. IB Prop. Holdings, LLC, No. 09-3232-CV-S-GAF, 2010 WL 1936175 at *3 (W.D. Mo. May 13, 2010); Dobson v. Mortg. Elec. Registration Sys. Inc./GMAC Mortg. Corp., 259 S.W.3d 19, 22 (Mo. App. 2008) ("no tort cause of action for wrongful foreclosure when there is a right to foreclose"); Fields v. Millsap & Singer, P.C., 295 S.W.3d 567, 571-72 (Mo. App. 2009) ("While the mortgagee's alleged wrongful acts may be sufficient to quiet title … **damages may not be recovered for wrongful foreclosure**

**where the plaintiff fails to show that it was not in default**.")   (Citations omitted) (Emphasis added).  Thus, a plaintiff "seeking damages in a wrongful foreclosure action must **plead and prove** that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose."  Id. (Emphasis added); Dobson v MERS Inc./GMAC Mortgage Corp., 259 S.W. 3d 19, 22 (Mo. Ct. App. 2008) (holding there can be "no tort cause of action for wrongful foreclosure when there is a right to foreclose").

In this case, to the extent that the "other and further relief" sought by Plaintiffs seeks to recover damages, Plaintiffs cannot sustain such a cause of action for damage because Defendant Deutsche had a right to foreclose on the subject property at the time of the subject foreclosure.  In the Staley II Petition, Plaintiffs have alleged that Mortgage Electronic Registration Systems, Inc.'s assignment and/or transfer of the subject Deed of Trust is null and void because MERS had no interest in the subject Note or Deed of Trust.  See Staley II Petition ¶¶ 11-14.  To support this allegation, Plaintiffs have identified Intervale Mortgage Corporation ("Intervale") as their original lender.  See Staley II Petition ¶ 8.  Yet, any argument that the recorded Assignment of Deed of Trust from MERS to Defendant Deutsche must fail based on the actual language of the Deed of Trust executed by Plaintiffs.

The subject Deed of Trust provides, in pertinent part, as follows:

DEFINITIONS
"(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument"

TRANSFER OF RIGHTS IN THE PROPERTY
"The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."

"Borrower understands and agrees that MERS hold only legal title to the interest granted by Borrower in this Security Instrument,…MERS (as nominee for Lender and Lender's successors and assigns) has right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender…"

See Staley II Petition, at Exhibit 3.

This language authorizes MERS to act on behalf of Intervale in serving as legal title holder to the beneficial interest under the Deed of Trust and exercise any of the rights granted to Intervale.  See In re Tucker, No. 10-61004, 2010 WL 3733916, at * 6 (W.D. Bankr. Sept. 20, 2010)(finding that the Deed of Trust allowed MERS to hold legal title in its capacity as nominee, which "clearly authorizes MERS to act on behalf of the Lender in serving as the legal title holder and to the beneficial interest under the Deed of Trust and exercising any of the rights granted to the Lender thereunder"); see also M.E.R.S. v. Bellistri, No. 4:09CV731CAS, 2010 WL 2720802, at *15 (E.D. Mo. July 1, 2010) (holding that "as nominee of the original lender…MERS has bare legal title to the note and deed of trust securing it, and this is sufficient to create standing").  Accordingly, as nominee, MERS had authority to assign the subject loan to Defendant Deutsche.

Moreover, Defendant Deutsche had a right to foreclose on the subject property because Plaintiffs' loan was in default.  Plaintiffs have not challenged their default status nor pled any facts that would demonstrate that they made the requisite loan payments or were otherwise not in default on the subject loan.  As such, Plaintiffs cannot sustain a cause of action for damages based on wrongful foreclosure because Defendant Deutsche had authority to foreclosure as well as a right to foreclose when the Plaintiffs defaulted on their loan.  Therefore, the Petition should be dismissed with prejudice.

**B.**     **Plaintiffs Cannot Sustain a Cause of Action for Equitable Relief Based on Wrongful Foreclosure**

A plaintiff can only maintain an equitable claim for wrongful foreclosure where the mortgagee had the right to foreclose if fraud, unfair dealing, or mistake was involved in the trustee's sale.  Ice v. IB Prop. Holdings, LLC, No. 09-3232-CV-S-GAF, 2010 WL 1936175, *3 (W.D. Mo. May, 13, 2010) (citing Dobson v M.E.R.S. Inc./GMAC Mortgage Corp., 259 S.W. 3d 19, 22 (Mo. Ct. App. 2008)).  For this, a plaintiff must plead facts sufficient to demonstrate that the foreclosure

sale was otherwise void or voidable due to fraud, unfair dealing, or mistake in the sale.  Ice, No. 09-3232-CV-S-GAF, 2010 WL 1936175, at *4.  Where a plaintiff fails to show that the sale itself was void or voidable due to fraud, unfair dealing, or mistake, upon a showing of a right to foreclose, a plaintiff cannot obtain equitable relief based on a wrongful foreclosure claim.  Id.

In this case, Plaintiffs cannot sustain a cause of action for equitable relief (i.e. setting aside the foreclosure sale) based on wrongful foreclosure.  As set forth above, Defendant Deutsche had a right to foreclosure when Plaintiffs defaulted on their loan.  Thus, Plaintiffs can only maintain an action for equitable relief based on wrongful foreclosure against Defendant Deutsche if they can show fraud, unfair dealing, or mistake in the actual sale of their property.  Id.  Notably, Plaintiffs cannot demonstrate fraud, unfair dealing, or mistake in the sale of their property.  In the Staley II Petition, Plaintiffs have alleged Kozeny did not have authority to conduct a trustee's sale of the subject property because Kozeny was not properly appointed as successor trustee.  See Staley II Petition ¶ 33.  To support this allegation, Plaintiffs have attempted to allege that only the "Lender" named in the Deed of Trust may appoint a successor trustee and.  See Staley II Petition ¶¶ 18-19.  However, as recently acknowledged by a Fourth Circuit court, Plaintiffs' argument, seeking to limit the appointment of a successor trustee, yields "an absurd result."  See Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 625 (4th Cir. 2011).  In Horvath, the court noted that the deed of trust, like Plaintiffs' Deed of Trust[3], permitted sale of the note without prior notice.  Horvath, 641 F.3d at 625.  Therefore, the Fourth Circuit court reasoned, if the power to appoint a successor trustee were forbidden, then the purchaser of the note would be paying for a worthless instrument since it would have "no power to administer or enforce the deed of trust" and would be beholden to the original lender "who, post sale, has no remaining financial stake in the deed of trust."  Id.  "The better

_____

[3] Section 20 of Plaintiffs' Deed of Trust provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower."  See Staley II Petition, at Exhibit 3

reading—and the one that avoids bringing about such an absurd result—is to read the term 'Lender' as applying not only to [the original lender] but to any subsequent purchaser of the deed of trust." Id. Here, Plaintiffs' Deed of Trust provided for sale without prior notice, and Plaintiff's argument would lead to the same "absurd result." See Staley II Petition, at Exhibit 3

Plaintiffs have also made assertions challenging Wells Fargo Bank, N.A.'s authority to execute the Appointment of Successor Trustee as attorney in fact for Defendant Deutsche, the authenticity of the signatures on the document, and the authority of Xee Moua to act on Well's Fargo's behalf.   See Staley II Petition ¶¶ 20-22.   However, Plaintiffs have set forth no facts indicating a basis for their assertion that Wells Fargo Bank, NA did not have authority to act as attorney in fact for Defendant Deutsche for the appointment of a successor trustee.   Similarly, Plaintiffs have also set forth no facts indicating any basis for challenging the signatures on the document or the authority of the signors to act on Wells Fargo Bank, N.A.'s behalf.   Instead, Plaintiffs have alleged conclusory, inflammatory statements in an attempt to create a cause of action and avoid the consequences of defaulting on their loan.   Such conclusory allegations are insufficient to sustain a cause of action for equitable relief based on wrongful foreclosure and their Petition should be dismissed with prejudice.

### C.    Plaintiffs Cannot Sustain a Cause of Action for Quiet Title

For a quiet title claim, a plaintiff must show that he has superior title to the other party and prevail on the strength on its own title, not on any weakness in the title of the other party. Dufrenne v. CitiMortgage, Inc., No. 4:09CV-1524HEA, 2009 WL 5103275, at *3 (E.D. Mo. Dec. 17, 2009); Ollison v. Village of Climax Springs, 916 S.W.2d 198, 203 (Mo. 1996).  Thus, a plaintiff cannot sustain a cause of action for quiet title where he has failed to show that he has superior title to the property at issue.  Dufrenne, No. 4:09CV-1524HEA, 2009 WL 5103275, at *3.  As such, a

motion to dismiss for failure to state a claim is properly granted in a quiet title action if a plaintiff fails to show superior title.  Id.

In this case, Plaintiffs have failed to show that they have superior title to the subject property.  As set forth above, Plaintiffs defaulted on their loan and Defendant Deutsche had authority to foreclose on the subject property.  As set forth above, Defendant Deutsche appointed Defendant Kozeny & McCubbin as successor trustee to conduct a trustee's sale of the subject property after Plaintiffs defaulted on their loan.  As admitted by Plaintiffs, the Successor Trustee's Deed shows that Defendant Deutsche purchased the subject property at the foreclosure sale.  See Staley II Petition ¶ 31.  Although Plaintiffs failed to attach the Successor Trustee's Deed to their removed Petition, this Court may take judicial notice of the Assignment of Deed of Trust as it is on file with the St. Charles County Recorder of Deeds and is therefore a matter of public record.  A copy of the Assignment of Deed of Trust is attached as Exhibit A.  Despite Plaintiffs' assertions, the Successor clearly identifies Defendant Deutsche as the owner of the subject property.  Plaintiffs' attempt to create a cause of action to quiet title based on conclusory, inflammatory allegations fails to show that Plaintiffs have superior title based on the strength of their own title as required under Missouri law.  Therefore, Plaintiffs cannot sustain a cause of action for quiet title and the Petition should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Staley II Petition with prejudice because Plaintiffs have failed to state a claim upon which relief may be granted.

Respectfully submitted,

BRYAN CAVE, LLP

   /s/ Eric D. Martin
Eric D. Martin, USDC #: 67275MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
E-mail: eric.martin@bryancave.com

Ashley H. Nall, USDC #: 59960MO
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5097
Fax: (312) 698-7497
E-mail: ashley.nall@bryancave.com

*Attorneys for Defendants America's Servicing
Company and Deutsche Bank National Trust
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2012, a copy of the foregoing was served electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system, and by first class mail, postage prepaid, addressed to:


Jennifer A. Coke
Attorney at Law
3187 Morgan Ford
PO Box 771009
St. Louis, Missouri 63177

*Attorney for Plaintiffs*


Patrick D. Murphy
Kozeny & McCubbin, L.C.
Fairway Corporate Center
4220 Shawnee Mission Parkway, Suite 200B
Fairway, KS 66205

*Attorney for Defendant Kozeny & McCubbin*


_    /s/ Eric D. Martin_____