UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES STALEY, and CHERYL STALEY, )
                                            )
       Plaintiff, )
                                            )
    v. )                No. 4:12CV0210 HEA
                                            )
KOZENY & McCUBBIN, L.C., )
AMERICA'S SERVICING COMPANY, )
and DEUTSCHE BANK NATIONAL )
TRUST COMPANY, )
                                            )
       Defendant. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants America's Servicing Company and Deutsche Bank National Trust Company's Motion to Dismiss [ECF No.6]. Additionally, Defendant Kozeny & McCubbin, L.C. filed a Motion to Dismiss [ECF No. 11]. Plaintiffs James Staley and Cheryl Staley ("Plaintiffs") did not file direct opposition to the motions; however, they did file a Motion to Remand Case to State Court [ECF No. 13]. Defendants Kozeny & McCubbin, L.C., America's Servicing Company and Deutsche Bank National Trust Company ("Defendants" collectively)  oppose Plaintiffs' motion. *See* ECF Nos. 16, 17. For the reasons set out below, the Defendants' Motions to Dismiss are granted.

## Factual Background

On August, 5, 2010, Plaintiffs filed a state court action against Defendants, which alleged claims based on wrongful disclosure, quiet title, and violations of the Fair Debt Collections Practices Act ("FDCPA"). On September 10, 2010, Defendant Kozeny & McCubbin removed said case to this Court. *See* 4:10-cv-1681HEA. Defendants filed motions to dismiss, to which Plaintiff failed to respond to. On September 22, 2011 the Court ordered Plaintiffs to show cause as to why the case should not be dismissed. On October 31, 2011, the Court entered an Order granting Defendants' Joint Motion to Strike, which dismissed the action altogether due to Plaintiffs' failure to adhere to the Court's Order to show cause.

On December 19, 2011, Plaintiffs brought a state court action in the Circuit Court of St. Charles County, Missouri against all the same Defendants named in the previous case mentioned above [4:10-cv-1681 HEA]. Defendants then removed the case to this Court. Plaintiffs allege claims of wrongful foreclosure, quiet title, and violations to the FDCPA.

## Discussion

Defendants move to dismiss this case on the basis of *res judicata*. When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The principle behind the doctrine of *res judicata* is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on

3

any grounds which could have been raised in the prior action." *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir. 1982), (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot,* 324 F.3d 580, 581 (8th Cir.2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.,* 296 F.3d 982, 986 (10th Cir.2002)).

Under Eighth Circuit law, in order for a claim to be precluded under the doctrine of res judicata due to a determination reached in a prior lawsuit, the following five elements must be satisfied: "1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [ (5) ] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Rutherford v. Kessel,* 560 F.3d 874, 877 (8th Cir.2009) (citations omitted).

The doctrine of *res judicata* applies in this case. The parties do not dispute that a court of competent jurisdiction entered the prior judgment. In addition, the final judgment in the previous related case before this Court [4:10-cv-1681HEA]

4

was on the merits. In the earlier case, the Court dismissed Plaintiff's case under Federal Rule of Civil Procedure 41(b) for failure to respond to, or obey, the Court's Orders. A dismissal under Rule 41(b) "operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) ("[A] dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation."); *Jiricko v. Moser and Marsalek, P.C.*, 184 F.R.D. 611, 613-16 (E.D.Mo. 1999). Indeed, Plaintiff was ordered to show cause as to why the case should not be dismissed; however, they failed to do so.

The parties are the same in both cases. The doctrine of *res judicata* prohibits a party from re-litigating a cause of action on grounds that were raised or could have been raised in a prior suit. *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir.1990). In the previous case before this Court, and now this case, the plaintiffs are James and Cheryl Staley; the defendants are Kozeny & McCubbin, L.C., America's Servicing Company and Deutsche Bank National Trust Company. As such, the parties are the same in both cases.

Additionally, both suits are based upon the same claims or causes of action Under *res judicata,* a party's claim is barred "if it arises out of the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Electronic, Elec.,*

5

*Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). In both cases the Plaintiffs' claims remain the same: wrongful foreclosure, quiet title, violations of the FDCPA.  As such, both suits are based upon the same claims.

And finally, both parties have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Rutherford v. Kessel,* 560 F.3d 874, 877 (8th Cir.2009) (citations omitted). Neither Plaintiffs nor Defendants dispute this fact. As such, all five elements of *res judicata* are present and this matter shall be dismissed with prejudice.

## Conclusion

Based upon the foregoing, this action is barred by the doctrine of *res judicata*.  Both this case, and the previous case [4:10-cv-1681 HEA] arise out of the same nucleus of operative facts relating to Plaintiffs' foreclosure.  Defendants' motions to dismiss are well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants America's Servicing Company and Deutsche Bank National Trust Company's Motion to Dismiss [ECF No.6] is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Kozeny & McCubbin, L.C. Motion to Dismiss [ECF No. 11] is GRANTED in part, and DENIED as to costs and fees of Defendant.

**IT IS FURTHER ORDERED** that Plaintiffs James and Cheryl Staley's Motion to Remand [ECF No. 13] is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Withdraw as Attorney [ECF No.19] is DENIED.

**IT IS FURTHER ORDERED** that Defendant Kozeny & McCubbin, L.C.'s Motion for Sanctions [ECF No. 20]is DENIED.

**IT IS FURTHER ORDERED** that this matter is dismissed, with prejudice.

Dated this 24th day of September, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE